**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DARREN LAMEAR,
*Plaintiff-Appellant,*

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,
*Defendant-Appellee.*

No. 15-35088

D.C. No.
3:13-cv-01319-
AC

OPINION

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted July 11, 2017
Portland, Oregon

Filed August 1, 2017

Before: Marsha S. Berzon, Paul J. Watford,
and John B. Owens, Circuit Judges.

Opinion by Judge Owens

# SUMMARY[*]

## Social Security

The panel reversed the district court's judgment affirming the Commissioner of Social Security's denial of a claimant's application for disability insurance benefits under Title II of the Social Security Act.

The vocational expert opined that claimant, who had left hand manipulative limitations, could still work as an office helper, mail clerk, or parking lot cashier; and the administrative law judge ("ALJ") found that claimant was not disabled.

The panel held that the ALJ failed to reconcile an apparent conflict between the testimony of the vocational expert and the Department of Labor's *Dictionary of Occupational Titles* ("DOT"). Specifically, the panel held that it could not say that, based on common experience, it was likely and foreseeable that an office helper, mail clerk, or parking lot cashier with limitations on his ability to "handle, finger and feel with the left hand" could perform his duties. The panel noted that the DOT's lengthy descriptions for the jobs strongly suggested that using both hands would be necessary to perform the tasks. Absent anything in the record to explain the apparent discrepancy, the panel reversed and remanded so that the ALJ could ask the vocational expert to reconcile the jobs with claimant's

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

left hand limitations.  The panel further held that the ALJ's failure to inquire was not harmless.

## COUNSEL

Alyson R. Young (argued) and Merrill Schneider, Schneider Kerr & Gibney Law Offices, Portland, Oregon, for Plaintiff-Appellant.

Jordan Dylan Goddard (argued), Assistant Regional Counsel; David Morado, Regional Chief Counsel, Seattle Region X; Office of the General Counsel, Social Security Administration, Seattle, Washington; Ronald K. Silver, Assistant United States Attorney; United States Attorney's Office, Seattle, Washington; for Defendant-Appellee.

## OPINION

OWENS, Circuit Judge:

Darren Lamear appeals from the district court's judgment affirming the Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act.  We agree with Lamear that the Administrative Law Judge ("ALJ") failed to reconcile an apparent conflict between the testimony of the vocational expert and the Department of Labor's *Dictionary of Occupational Titles* ("DOT"), so we reverse and remand.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Lamear applied for disability insurance benefits due to back and neck problems, which also impacted his left hand

and arm.  At a hearing, the ALJ heard testimony from Lamear, who was represented by counsel, and a vocational expert ("VE").  The VE opined that an individual with Lamear's limitations, which included being able only "occasionally" to handle, finger, and reach overhead with his left, non-dominant hand and arm, but with no limitations on his right side, could not perform Lamear's past relevant work as a cashier, bartender, or stockbroker.  In particular, the VE testified that such an individual would have trouble using a keyboard with his left hand.

However, the VE opined that Lamear could still work as an office helper, mail clerk, or parking lot cashier, even though the DOT states that these jobs require "frequent" handling, fingering, and reaching.  Specifically, the VE testified as follows:

> [ALJ:]  All right.  Can you identify any other occupations you believe such an individual [with Lamear's limitations] would be able to perform?
>
> [VE:]  Yes, your honor.  Given the first hypothetical, work would be performed as an office helper, 239.567-010, SVP 2, light.  We have about 3,700 people working locally in this occupation, a little [o]ver 890,000 nationally.  The second example would be mail clerk, 209.687-026, SVP 2, light.  We have a little over 1,900 people working in this occupation locally and about . . . 233,000 people working nationally.  And then a third example would be park[ing] lot cashier, 211[].462-010, SVP 2, light.  We have about 900 people working in the local economy in

this occupation and around 436,000 nationally.

[ALJ:] Okay. . . .

The VE did not explain how Lamear could do this work with his left hand and arm limitations, and the ALJ never asked the VE to reconcile any potential inconsistency between Lamear's manipulative limitations and the DOT's job descriptions.[1]

The ALJ denied Lamear's application for disability benefits, applying the usual five-step sequential evaluation process. 20 C.F.R. § 404.1520. The ALJ weighed the medical evidence and assessed Lamear's residual functional capacity ("RFC") as follows:

[Lamear] has the residual functional capacity to lift and carry 10 pounds frequently and 20 pounds occasionally. He can stand and walk up to two hours out of an eight-hour day and sit six hours out of an eight-hour day. He cannot climb ladders, ropes or scaffolds. *He can only occasionally* climb ramps and stairs, balance, stoop, kneel, crouch, crawl, *reach overhead with his left upper extremity, and handle, finger and feel with the left hand.* He should avoid even

---

[1] The ALJ asked the VE about a different possible inconsistency between the VE's testimony and the DOT, regarding Lamear's standing and walking limitations and the "light" exertion level of the identified jobs, which is not at issue in this appeal.

> moderate exposure to hazards.   (emphasis added)

At step five—the only step at issue on appeal—the ALJ found, in light of the RFC assessment and based on the VE's testimony, that there were jobs that existed in significant numbers in the national economy that Lamear could perform, such as office helper, mail clerk, or parking lot cashier.  On that basis, the ALJ found Lamear not disabled and denied his claim for disability benefits.

Lamear requested review from the Appeals Council, which denied his request, making the ALJ's decision the final agency decision.  Before the Appeals Council, Lamear argued that there was an apparent conflict between his manipulative limitations and the DOT which the ALJ should have reconciled.

Lamear then appealed to the district court, which affirmed.  The district court rejected Lamear's argument that there was an apparent conflict between the VE's testimony and the DOT.  However, the district court noted that the Ninth Circuit has not yet ruled on whether "handling," "fingering," and "reaching" in the DOT require the ability to use both hands or arms, and that district courts are divided on this issue.  This timely appeal followed.

## II.  STANDARD OF REVIEW

We review de novo a district court's decision regarding the Commissioner's disability determination.  *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).  We must uphold the Commissioner's decision if it is "supported by substantial evidence and a correct application of the law."  *Id*. (citation omitted).

## III. DISCUSSION

In determining whether an applicant is entitled to disability benefits, an ALJ may consult a series of sources, including a VE and the DOT. Presumably, the opinion of the VE would comport with the DOT's guidance. But "[i]f the expert's opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the *Dictionary*, then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled." *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016).[2]

We have explained that the conflict must be "obvious or apparent" to trigger the ALJ's obligation to inquire further. *Id*. at 808. For example, in *Gutierrez*, the applicant could not reach above shoulder level with her right arm. *Id*. at 807. The VE opined that she could work as a cashier, and the ALJ did not specifically question the VE about how the applicant could do this in light of her inability to reach overhead with her right arm. *Id*. The applicant in *Gutierrez*, like Lamear, argued that the ALJ should have recognized a conflict between the DOT and the VE's testimony, and questioned the VE more closely. *Id*. We held there was no error because, based on common experience, it is "unlikely and unforeseeable" that a cashier would need to reach overhead, and even more rare for one to need to reach overhead with both arms. *Id.* at 808–09 & 809 n.2.

Of course, "[t]he requirement for an ALJ to ask follow up questions is fact-dependent," *id.* at 808, and the more obscure the job, the less likely common experience will

---

[2] The district court here did not have the benefit of our recent decision in *Gutierrez*.

dictate the result. To avoid unnecessary appeals, an ALJ should ordinarily ask the VE to explain in some detail why there is no conflict between the DOT and the applicant's RFC.**[3]** Doing so here likely would have eliminated the need for this appeal.

But now that this appeal is before us, we must decide it. Contrary to the facts in *Gutierrez*, we cannot say that, based on common experience, it is likely and foreseeable that an office helper, mail clerk, or parking lot cashier with limitations on his ability to "handle, finger and feel with the left hand" could perform his duties. The DOT's lengthy descriptions for these jobs strongly suggest that it is likely and foreseeable that using both hands would be necessary to perform "essential, integral, or expected" tasks in an acceptable and efficient manner. *Id*. According to the DOT, the general tasks for these jobs include opening and sorting mail, stuffing envelopes, distributing paperwork, and counting change. *See* DOT 239.567-010 (office helper), 1991 WL 672232; DOT 209.687-026 (mail clerk), 1991 WL 671813; DOT 211.462-010 (cashier II, which includes

---

**[3]** *See* Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000) (explaining the ALJ's duty to "fully develop the record" as to whether there is consistency between VE occupational evidence and the DOT); *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015) ("The ALJ's failure to resolve an apparent inconsistency may leave us with a gap in the record that precludes us from determining whether the ALJ's decision is supported by substantial evidence."); *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007) ("The procedural requirements of SSR 00-4p ensure that the record is clear as to why an ALJ relied on a vocational expert's testimony, particularly in cases where the expert's testimony conflicts with the *Dictionary of Occupational Titles*."); *see also Moore v. Colvin*, 769 F.3d 987, 990 (8th Cir. 2014) ("The ALJ is not absolved of this duty [to reconcile conflicts] merely because the VE responds 'yes' when asked if her testimony is consistent with the DOT.").

parking lot cashier), 1991 WL 671840.  Moreover, all three jobs require workers to "frequently" engage in handling, fingering, and reaching, which means that these types of activities could be necessary for as much as two-thirds of the workday.  *Id*.  Absent anything in the record to explain this apparent discrepancy, we must reverse and remand so the ALJ can ask the VE to reconcile these jobs with Lamear's left hand limitations.

The Commissioner urges us to find the ALJ's failure to reconcile the conflict harmless, *see Massachi*, 486 F.3d at 1154 n.19, by presuming that the handling, fingering, and reaching requirements are unilateral since the DOT does not expressly state that they demand both hands.  That argument assumes away the question of whether these requirements necessitate both hands, an issue that has divided many courts.[4]  As discussed above, we cannot determine from this record, the DOT, or our common experience whether the jobs in question require both hands, so we cannot say the ALJ's failure to inquire was harmless.  Further, we are unpersuaded by the Commissioner's argument that the ALJ's failure was harmless because the VE considered bilateral dexterity when formulating his answers, as shown by the VE's testimony that a person with Lamear's

---

[4] *See, e.g.*, *Pearson v. Colvin*, 810 F.3d 204, 211 (4th Cir. 2015); *Bickford v. Comm'r of Soc. Sec.*, No. 2:12-CV-2557-CMK, 2014 WL 1302459, at \*2 (E.D. Cal. Mar. 28, 2014); *Lee v. Astrue*, No. 6:12-cv-00084-SI, 2013 WL 1296071, at \*10–11 & \*11 n.5 (D. Or. Mar. 28, 2013); *Marquez v. Astrue*, No. CV-11-339-TUC-JGZ-DTF, 2012 WL 3011778, at \*2–3 (D. Ariz. May 2, 2012), *adopted by* 2012 WL 3011779 (D. Ariz. July 23, 2012); *Marshall v. Astrue*, No. 08-cv-1735-L(WMc), 2010 WL 841252, at \*6 (S.D. Cal. Mar. 10, 2010); *Fortes v. Astrue*, No. 08-cv-317-BTM(RBB), 2009 WL 734161, at \*5 (S.D. Cal. Mar. 18, 2009); *Feibusch v. Astrue*, Civ. No. 07-00244 BMK, 2008 WL 583554, at \*4–5 (D. Haw. Mar. 4, 2008).

limitations could not perform his past work due to trouble using a keyboard with his left hand.

The Commissioner cites *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999), to argue that Lamear's counsel during cross-examination should have asked the VE to reconcile the DOT with his conclusion, and that counsel's failure requires us to affirm. In *Meanel*, the claimant's counsel did not present statistical evidence to the ALJ and Appeals Council, and we held that claimants who are represented by counsel "must raise all issues and evidence at their administrative hearings . . . to preserve them on appeal." *Id*.

Unlike the claimant in *Meanel*, Lamear raised this issue to the Appeals Council. And more importantly, our law is clear that a counsel's failure does not relieve the ALJ of his express duty to reconcile apparent conflicts through questioning: "When there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is *required* to reconcile the inconsistency."[5] *Zavalin*, 778 F.3d at 846 (emphasis added).

---

[5] *See also* SSR 00-4p, 2000 WL 1898704, at *2 ("When there is an apparent unresolved conflict between VE or [vocational specialist 'VS'] evidence and the DOT, the adjudicator *must* elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's *duty* to fully develop the record, the adjudicator *will* inquire, on the record, as to whether or not there is such consistency." (emphasis added)); *id*. at *4 ("When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an *affirmative responsibility* to ask about any possible conflict between that VE or VS evidence and information provided in the DOT." (emphasis added)); *Prochaska v.*

That inquiry did not happen here, and so we must remand the case to permit the ALJ to follow up with the VE.[6]

**REVERSED AND REMANDED**.

_____

*Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006) (holding that the claimant "was not required to raise th[e conflict] at the hearing, because [SSR 00-4p] places the burden of making the necessary inquiry on the ALJ").

[6] We reject Lamear's separate argument that the ALJ "modified" the hypothetical at step five such that the VE's testimony was ambiguous.