NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AZIZEH RASHIDI, | No. 16-55542 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00136-JAH-PCL |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted November 15, 2017**

Before:  CANBY, TROTT, and GRABER, Circuit Judges.

Azizeh Rashidi appeals the district court's decision affirming the

Commissioner of Social Security's denial of her application for supplemental

security income under Title XVI of the Social Security Act.  We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), and we reverse and remand.

Rashidi contends that, at step five of the sequential analysis, the administrative law judge ("ALJ") erred in relying on the vocational expert's testimony that she could perform work as a sorter, stuffer, and polisher even though the ALJ assessed she retained the residual functional capacity to use her right, dominant hand only occasionally for fine and gross manipulation. Under *Lamear v. Berryhill*, 865 F.3d 1201 (9th Cir. 2017), this contention has merit. There was an apparent conflict between the expert's testimony and the *Dictionary of Occupational Titles*, which provides that the occupations identified by the expert require frequent handling and fingering. *See id.* at 1206 (concluding that there was an apparent conflict between the *Dictionary* and a vocational expert's opinion that a claimant with left hand and arm limitations could work as an office helper, mail clerk, or parking lot cashier). The ALJ erred by failing to ask the expert to reconcile the conflict. *See Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016). This error was not harmless because it is not possible to determine from the record, the *Dictionary*, or common experience whether the jobs of sorter, stuffer, and polisher require both hands. *See Lamear*, 865 F.3d at 1206-07 (reversing and remanding to permit ALJ to follow up with vocational expert).

**REVERSED and REMANDED.**