**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FABIO C. RANDAZZO, | No.   16-55907 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-00443-SP |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Sheri Pym, Magistrate Judge, Presiding

Submitted November 30, 2017[**]

Before:  THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Fabio C. Randazzo appeals the district court's decision affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits and supplemental security income under Titles II and XVI of the Social

Security Act.  We have jurisdiction under 28 U.S.C. § 1291, and we review de

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). We reverse and remand.

At step five of the sequential analysis, the administrative law judge ("ALJ") erred in relying on the vocational expert's testimony that Randazzo could perform light work as a small products assembler even though the ALJ assessed that he did not have the residual functional capacity to perform "highly fast-paced work, such as rapid assembly line work." There was an apparent conflict between the vocational expert's testimony and the Dictionary of Occupations Titles ("DOT"), which states that the occupation of small parts assembler requires the worker to perform "repetitive tasks on [an] assembly line to mass produce small products." DOT 706.684-022. *See Gutierrez v. Colvin*, 844 F.3d 804, 807-09 (9th Cir. 2016). As the district court concluded, it is not clear from the DOT's description whether the work of a small products assembler is fast-paced or rapid, and, as a matter of common experience, most people would think of assembly-line work as fast-paced. *See Lamear v. Berryhill*, 865 F.3d 1201, 1205-06 (9th Cir. 2017) (relying on common experience and finding apparent conflict between DOT and vocational expert's opinion). The ALJ therefore erred in failing to ask the expert to resolve the conflict. *See Gutierrez*, 844 F.3d at 807-09.

Randazzo did not waive the issue of the apparent conflict by failing to raise it before the ALJ, who had an affirmative duty to inquire about any apparent conflict between the vocational expert's testimony and the DOT. *See Lamear*, 865

F.3d at 1206; *cf. Shaibi v. Berryhill*, 870 F.3d 874, 881-83 (9th Cir. 2017) (holding that claimant waived challenge to VE's job-number estimates when ALJ had no duty to *sua sponte* take administrative notice of certain job-number data).

The ALJ properly relied on the vocational expert's testimony that Randazzo could perform work as an electrical accessories assembler even though the ALJ assessed that he had the residual functional capacity to perform "low stress" jobs requiring only occasional decision making or occasional changes in the work setting. The DOT's description of this occupation lists multiple varied tasks, but it does not include the requirement that the worker perform all of the tasks listed, or frequently change work settings. *See Gutierrez*, 844 F.3d at 807-08 (explaining that DOT's definition of an occupation is a collective description of numerous jobs). There was also no apparent conflict between the DOT's description of the two assembler occupations and the expert's testimony based on a standing and walking limitation because the expert specifically reduced the job numbers to account for this limitation. *See Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015) (holding that ALJ relies on expertise of vocational experts at step five).

The ALJ's error in relying on the vocational expert's testimony regarding the occupation of small products assembler was not harmless because the remaining 10,000 electrical accessories assembler jobs found by the expert may not amount to a significant number of jobs in the national economy. *See* 42 U.S.C. § 1382c(a)(3)(B) (providing that claimant is not disabled if he can perform "work

3

which exists in significant numbers either in the region where [he] lives or in several regions of the country"); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29 (9th Cir. 2014) (holding that 25,000 jobs in the national economy presented a close call but was sufficient). The vocational expert also testified that there were 550 electronic accessories assembler jobs in the region, but he did not explain whether the region meant the State of California or a smaller, more local area, and the ALJ made no finding regarding the regional job numbers. *Cf. id.* at 526-27 (upholding ALJ's finding that State of California was relevant region and that 2,500 was a significant number of jobs for that region); *Beltran v. Astrue*, 700 F.3d 386, 389-90 (9th Cir. 2012) (holding that 135 jobs in Greater Metropolitan Los Angeles and Orange County area was not a significant number). The record does not show that the ALJ's error was inconsequential to the ultimate nondisability determination, and thus harmless. *See Brown-Hunter*, 806 F.3d at 492. We therefore reverse the district court's judgment and remand to permit the ALJ to follow up with the vocational expert. *See Lamear*, 865 F.3d at 1206-07; *Gutierrez*, 740 F.3d at 527-28 (indicating that whether a significant number of jobs exist in the country or region is a question of fact properly resolved by an ALJ).

**REVERSED and REMANDED.**