NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CRAIG A. BUCKINS,

          Plaintiff-Appellant,

  v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

          Defendant-Appellee.

No.   16-17097

D.C. No. 2:15-cv-01011-EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding

Submitted November 30, 2017[**]

Before:  THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Craig Buckins appeals the district court's decision affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits and supplemental security income under Titles II and XVI of the Social

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), and we affirm.

The ALJ erred in relying on the vocational expert's testimony that Buckins could perform light work as a housekeeping cleaner and ticket taker even though the ALJ assessed that he retained the residual functional capacity to reach only occasionally in front and laterally with his right, non-dominant arm and could engage only in simple, repetitive, routine tasks. There was an apparent conflict between the expert's testimony and the Dictionary of Occupational Titles ("DOT"), which states that the occupation of housekeeping cleaner involves frequent reaching and that the occupation of ticket seller requires constant reaching. *See Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016). Buckins could use his left arm, but, as a matter of common experience, most people would think of housekeeping cleaning and ticket taking as occupations performed with two arms. *See Lamear v. Berryhill*, 865 F.3d 1201, 1205-06 (9th Cir. 2017) (holding that court could not say that, "based on common experience, it [was] likely and foreseeable" that the claimant, with limitations on his abilities with his left hand, could perform the duties of an office helper, mail clerk, or parking lot cashier). For the occupation of ticket taker, there was also an apparent conflict between the vocational expert's testimony and the DOT's statement that this occupation requires Level 3 Reasoning. *See Zavalin v. Colvin*, 778 F.3d 842, 847

2

(9th Cir. 2015) (holding that there was an apparent conflict between the RFC to perform simple, repetitive tasks and the demands of Level 3 Reasoning). The ALJ therefore erred in failing to ask the vocational expert to resolve these conflicts. *See Gutierrez*, 844 F.3d at 807.

Buckins did not waive the issue of a conflict between the VE's testimony and the DOT by failing to raise the issue before the ALJ, who had an affirmative duty to inquire about any apparent conflict between the vocational expert's testimony and the DOT. *See Lamear*, 865 F.3d at 1206. The ALJ's errors as to both the housekeeping cleaner and the ticket taker occupations nonetheless were harmless because the vocational expert and the ALJ identified three alternative, sedentary occupations – envelope addresser, call-out operator, and surveillance system monitor.

Buckins does not challenge the ALJ's finding that he could perform the light occupation of children's attendant, but, as he notes, the 5,104 jobs available in that occupation do not constitute a significant number of jobs in the national economy. *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29 (9th Cir. 2014) (concluding that it was a "close call" but 25,000 national jobs was significant). The total 25,904 jobs available in these occupations plus the occupation of children's attendant amount to a significant number of jobs in the national economy. *See id*. The ALJ's errors therefore were inconsequential to the ultimate

3

nondisability determination, and harmless. *See Brown-Hunter*, 806 F.3d at 492

(defining harmless error).

**AFFIRMED.**