**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 4 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRANDON DEWOLFE,

    Plaintiff-Appellant,

 v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

    Defendant-Appellee.

No. 17-35574

No. 6:16-cv-00543-BR

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted August 30, 2018**

Before: LEAVY, TROTT, and SILVERMAN, Circuit Judges.

 Brandon Lee DeWolfe appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits and supplemental security income under Titles II and XVI of the Social

Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

---

 * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 ** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we reverse and remand for further proceedings.

The ALJ's Step Five finding that a significant number of jobs exist in the national economy that DeWolfe can perform lacks substantial evidentiary support. The ALJ failed to resolve the apparent conflict between the title of the position the vocational expert testified DeWolfe could perform—"retail surveillance monitor"—and the job title included at the Dictionary of Occupational Titles ("DOT") entry the vocational expert identified—"surveillance system monitor." DOT 379.367-010 describes the job of "surveillance-system monitor" as a government service position that "[m]onitors premises of public transportation terminals to detect crimes or disturbances, using closed circuit television monitors," rather than a retail position. Although the Commissioner argues the Department of Labor continues to maintain updated vocational information that cross-references the DOT online through the O*Net Online Resource Center ("O*Net"), and that a search of O*Net using the DOT code the vocational expert provided reveals that the position of "retail loss prevention specialist" is now encompassed by this DOT entry, this is not an explanation for the inconsistency that the ALJ presented. The court may only affirm an ALJ's decision based on reasoning the ALJ elucidates in the disability decision. *Trevizo v. Berryhill,* 871 F.3d 664, 675 (9th Cir. 2017). Thus, the ALJ committed reversible error by failing

to explicitly resolve the conflict between the vocational expert testimony and the DOT.  *See Lamear v. Berryhill*, 865 F.3d 1201, 1207 (9th Cir. 2017).

The ALJ's failure to reconcile the vocational expert's deviation from the DOT concerning the position the vocational expert identified as one DeWolfe could perform also affected the validity of the vocational expert's testimony concerning the number of available jobs.  Without being able to determine which position the vocational expert was testifying about—retail surveillance monitor or surveillance-system monitor—it is not possible to assess whether the ALJ's finding that a significant number of jobs exist that DeWolfe could perform is supported by substantial evidence.  Because "we cannot discern the agency's path" to finding at Step Five that a significant number of jobs exist that DeWolfe can perform, the Court must reverse the agency's decision.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (citation omitted).

Because the ALJ did not resolve the conflict between the vocational expert's testimony and the DOT, the record is ambiguous, and "additional proceedings [could] remedy [the] defects in the original administrative proceeding."  *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017) (citation and quotation marks omitted).  Therefore, we remand to the agency to allow the ALJ to seek clarification of the vocational expert's testimony and cure the errors in the Step Five findings.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105

(9th Cir. 2014); *see also Lamear*, 865 F.3d at 1207 (concluding that, because the ALJ did not inquire as to the conflict between the DOT and the vocational expert's testimony, the Court "must remand the case to permit the ALJ to follow up with the [vocational expert]").

**REVERSED AND REMANDED.**