NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHELLE ALICIA SPEARS, | No.    19-55195 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-02114-JPR |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jean Rosenbluth, Magistrate Judge, Presiding

Submitted December 10, 2020[**]
San Francisco, California

Before:  BOGGS,[***] M. SMITH, and BENNETT, Circuit Judges.

Michelle Spears appeals the district court's judgment affirming the denial of

supplemental security income by the Commissioner of the Social Security

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Administration.  We affirm.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo the district court's decision and "independently determine whether the Commissioner's decision (1) is free of legal error and (2) is supported by substantial evidence." *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

1.  Spears argues that the Administrative Law Judge (ALJ) failed to properly consider her mental impairments.  In evaluating mental impairments, an ALJ must rate a claimant's degree of limitation in four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.  20 C.F.R. § 404.1520a(c)(3) (2016).  Here, the ALJ assessed Spears's limitations in each of those functional areas in determining the severity of her impairments and her residual functional capacity (RFC).  *See Hoopai v. Astrue*, 499 F.3d 1071, 1078 (9th Cir. 2007).  The ALJ also discussed the 20 C.F.R. § 404.1545(c) factors that the record could plausibly support, such as Spears's limitation on interacting with others in the workplace.  In addition, the RFC determination was supported by the opinions of the state's non-examining psychiatrists, who assessed Spears against each of the § 404.1545(c) factors.  Thus, the ALJ properly considered Spears's mental impairments.

The ALJ's findings about Spears's functional limitations are supported by substantial evidence.  The ALJ found that Spears needs only minimal counseling,

2

which is supported by her progress notes from Mariposa Community Counseling. The progress notes show that Spears was referred to counseling once and therapy twice out of eighteen monthly sessions. The ALJ also found that Spears can drive, which is consistent with her testimony that she drives around the block and has no difficulty driving.

Accordingly, the ALJ did not err in considering Spears's mental impairments, and the ALJ's findings are supported by substantial evidence.

2.    Spears argues that the ALJ erred in giving limited weight to the medical opinions of her treating psychiatrists, Dr. Heather Kurera and Dr. Sushma Sachdev-Wali. An ALJ may disregard a treating physician's opinion by giving "clear and convincing" reasons if the opinion is uncontroverted, or for "specific and legitimate reasons" if the opinion is controverted. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

Dr. Kurera opined that Spears was temporarily disabled for one year beginning June 2014, and that she could perform no work. Dr. Kurera's opinion is controverted by the opinions of the state's non-examining psychiatrists, who opined that Spears retained the residual capacity to perform non-public, simple, repetitive tasks. The ALJ discounted Dr. Kurera's opinion because it was not consistent with the conservative treatment provided to Spears. This is a specific and legitimate reason, supported by substantial evidence from Spears's subsequent progress notes,

3

which detailed a conservative treatment regime of medication and minimal counseling. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

Dr. Sachdev-Wali diagnosed Spears with bipolar disorder and assessed her as having a Global Assessment of Functioning (GAF) score of 30. The ALJ acknowledged Dr. Sachdev-Wali's bipolar disorder diagnosis but did not specifically discuss Spears's GAF score. But "GAF scores, standing alone, do not control determinations of whether a person's mental impairments rise to the level of a disability (or interact with physical impairments to create a disability) . . . ." *Garrison v. Colvin*, 759 F.3d 995, 1002 n.4 (9th Cir. 2014); *cf. id.* at 1002–05, 1014 (discussing GAF scores where the scores were accompanied by functional limitations). Thus, Dr. Sachdev-Wali's opinion is not significant or probative of Spears's ability to work, and the ALJ did not err in declining to consider part of it. *See Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (finding that the ALJ need not consider evidence that was "neither significant nor probative").

Therefore, the ALJ did not err in discounting the opinions of Spears's treating psychiatrists.

3.     Spears argues that the ALJ failed to consider the combination of her physical and mental impairments. But the ALJ's decision clearly states that the RFC determination considered both Spears's physical and mental impairments. Further, the RFC limitations found by the ALJ are supported by the medical opinions

evaluating both Spears's physical and mental impairments. Spears's argument that the ALJ failed to consider the combination of her impairments fails.

4. Spears argues that the ALJ erred in finding that she could perform the job recommended by the vocational expert (VE). The VE testified that a person with Spears's RFC and characteristics could work as an assembler of small products. An assembler of small products "[f]requently works at bench as member of assembly group assembling one or two specific parts and passing unit to another worker." DOT 706.684-022, 1991 WL 679050. At her hearing, Spears's attorney questioned the VE as to whether Spears's limitation on interacting with coworkers would restrict her ability to work. The VE confirmed that Spears could still perform jobs involving bench work, as such jobs do not require being around many people. There is no "obvious or apparent" conflict between the VE's testimony and Spears's RFC limitations. *See Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017). Accordingly, the ALJ properly relied on the VE's testimony to find that Spears is able to work as an assembler of small products. *See Gutierrez v. Colvin*, 844 F.3d 804, 809 (9th Cir. 2016).

**AFFIRMED.**