NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 20 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTINE POTTS, | No. 21-35519 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-00274-BR |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted May 9, 2022
Portland, Oregon

Before:  BERZON, TALLMAN, and CHRISTEN, Circuit Judges.

Christine Potts challenges the administrative law judge (ALJ)'s denial of her

application for Supplemental Security Income benefits at step five of the sequential

analysis, arguing that the ALJ failed to reconcile a conflict between the vocational

expert (VE)'s testimony and the *Dictionary of Occupational Titles* (DOT).  This

Court has jurisdiction under 28 U.S.C. § 1291, and for the reasons that follow, we

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

affirm.

After determining a claimant's residual functional capacity at step four of the sequential analysis, at step five "an ALJ may consult a series of sources, including a VE and the DOT," to meet the burden of establishing there are a significant number of jobs which the claimant could still perform. *Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017). In cases where a VE is consulted, if "there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015). This requirement of ALJs to resolve potential conflicts arises under Social Security Ruling 00-4P. SSR 00-4P, 2000 WL 1898704 (Dec. 4, 2000).[1]

Our precedent defines a conflict as a situation in which the VE's testimony is "at odds with the *Dictionary*'s listing of job requirements that are essential, integral, or expected." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016); *see also Lamear*, 865 F.3d at 1205 ("[T]he conflict must be obvious or apparent to trigger the ALJ's obligation to inquire further.") (quotation and citation omitted). As a

---

[1] "Social Security Rulings (SSRs) do not carry the force of law, but they are binding on ALJs nonetheless. They reflect the official interpretation of the SSA and are entitled to some deference as long as they are consistent with the Social Security Act and regulations." *Molina v. Astrue*, 674 F.3d 1104, 1113 n.5 (9th Cir. 2012) (superseded by regulation on other grounds) (quotations and citations omitted).

corollary, the duty of an ALJ to ask follow-up questions of the VE "doesn't extend to unlikely situations or circumstances." *Gutierrez*, 844 F.3d at 808.

On these facts, there was no conflict for the ALJ to reconcile. There is no discrepancy between the residual functional capacity that the ALJ assessed for Potts and the normal job requirements described in the DOT. The VE testified that a child attendant may rarely be presented with a situation in which the attendant must lift over twenty pounds because a child needs to be picked up. That situation is, as described by the VE, not an "essential, integral, or expected" requirement of the position. *See id.* Such an occurrence does not create an apparent conflict requiring further investigation or analysis by the ALJ.

Therefore, the ALJ's denial of benefits is **AFFIRMED**.