**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES A. PAHL,

               Plaintiff-Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

               Defendant-Appellee.

No. 24-4005

D.C. No. 3:23-cv-00250-CL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael McShane, District Judge, Presiding

Submitted May 14, 2025[**]
San Francisco, California

Before: S.R. THOMAS, M. SMITH, and BRESS, Circuit Judges.

James A. Pahl ("Pahl") appeals the district court's order affirming the

Commissioner of Social Security's denial of his application for disability insurance

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

benefits under the Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291.  Because the parties are familiar with the facts and history of this case, we do not recount them here.  We affirm.

We review the district court's order de novo and reverse only if the Administrative Law Judge's (ALJ) decision was not supported by substantial evidence or was based on legal error.  *Larson v. Saul*, 967 F.3d 914, 922 (9th Cir. 2020).  Courts review disability benefits determinations for substantial evidence. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019).  "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

I

The district court properly concluded that the ALJ's finding that Pahl was not disabled as of the expiration date of his disability insurance was supported by substantial evidence.  At the fifth step of the disability evaluation process, the ALJ can determine the claimant is not disabled either "(1) by the testimony of a vocational expert, or (2) by reference to the Medical–Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

Here, the ALJ relied on a vocational expert who testified that Pahl could perform the requirements of the following occupations: (1) Marker, (2) Small Product Assember II, and (3) Electronics Worker. The vocational expert provided specific information about the ability to sit and stand in the relevant occupations—information that was not provided in the Dictionary of Occupational Titles ("DOT"). The ALJ specifically asked the vocational expert if his testimony conflicted with the DOT and inquired as to whether any of his testimony was not covered by the DOT but rather was based on his own experience and education. The expert explained that the DOT does not always categorize occupations by the amount of sitting or standing involved, and therefore, he relied on his 42 years of experience to present occupations that include jobs that allow a person to sit or stand at will.

There was no "obvious or apparent" conflict between the vocational expert's testimony and the DOT. *Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017). The vocational expert's testimony did not conflict with the DOT but merely supplemented it. An ALJ may rely on a vocational expert to provide additional information. *See* SSR 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000) ("The DOT lists maximum requirements of occupations as generally performed," but a vocational expert "may be able to provide more specific information about jobs or

3

occupations than the DOT."). Here, the vocational expert provided specific information about the ability to sit and stand at the relevant occupations—information which was absent from the DOT. *See* DOT 739.687-030; DOT 209.587-034; DOT 726.687-010. The ALJ was entitled to rely on the vocational expert's testimony. *See Ford v. Saul*, 950 F.3d 1141, 1160 (9th Cir. 2020) ("Given its inherent reliability, a qualified vocational expert's testimony as to the number of jobs existing in the national economy that a claimant can perform is ordinarily sufficient by itself to support an ALJ's step-five finding."). Therefore, the ALJ's step-five determination was supported by substantial evidence, and the district court did not err in so concluding.

II

The district court properly concluded that the ALJ had provided "specific, clear, and convincing reasons supporting a finding that [Pahl's] limitations were not as severe as he claimed." *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021). The ALJ found that the medical record as well as Pahl's own testimony did not support the alleged severity of his limitations.

The ALJ identified multiple medical reports that described Pahl as "well," without "generalized joint pain or stiffness," with "normal muscle tone," "in no distress," and able to walk. "When objective medical evidence in the record is

4

*inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022); *see also Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

In addition, the ALJ noted that Pahl's testimony was undercut by his own prior statements. "To determine whether the claimant's testimony regarding the severity of her symptoms is credible, the ALJ may consider . . . ordinary techniques of credibility evaluation, such as . . . prior inconsistent statements concerning the symptoms . . . and . . . the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ found that Pahl's statements in (1) the October 2019 Function Report and (2) at the hearing contradicted Pahl's own statements. For example, in the October 2019 Function Report, Pahl stated that he spent 20 hours per day in bed and was active no more than four hours a day. However, in the same report, he stated that he was able to perform basic household chores including washing dishes, doing laundry, preparing meals, cooking, and mowing the lawn (by riding a lawn mower). Pahl also stated that he does these household chores for "as long as it takes" and specified that laundry may take two to three hours and washing dishes may take him 10 to 30 minutes. Pahl also

5

testified that before the surgery, which occurred on December 23, 2019, a year after his last insured date, his knee was tight, but he was able to walk.

The ALJ, therefore, provided specific, clear, and convincing evidence for discounting Pahl's testimony regarding his most severe symptoms. Thus, the district court did not err in rejecting Pahl's argument to the contrary.

III

The district court properly concluded that the ALJ did not commit reversible error in discounting Jerry Bond's testimony. Without determining whether the "germane reasons" standard applies to partially discounted lay witness testimony, or if that standard applies at all after the 2017 regulations, given the similarities between Bond's testimony and Pahl's, we conclude that any error in not addressing Bond's testimony was harmless. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that when "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints," "it follows that the ALJ also gave germane reasons for rejecting [lay witness] testimony" that "was similar to such complaints").

Here, the ALJ considered a portion of Jerry Bond's testimony and found that it supported the finding that Pahl had "some medical impairments that adversely impact his ability to work." The portions of Bond's testimony that were allegedly

6

not considered by the ALJ were duplicative of Pahl's own testimony, and, therefore, the ALJ did not commit reversible error by not explicitly considering the testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1117-22 (9th Cir. 2012) (noting that "[w]here lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony," the failure to address the lay witness testimony may be deemed harmless), *superseded on other grounds by* 20 C.F.R. § 404.1502.

IV

The ALJ did not err in discounting Pahl's or Bond's testimony, and her step-five determination is supported by substantial evidence. Therefore, the district court did not err in denying relief.

**AFFIRMED.**