NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TRICIA MA,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 24-7435

D.C. No.
2:23-cv-02278-KML

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Krissa M. Lanham, District Judge, Presiding

Submitted October 23, 2025**
Phoenix, Arizona

Before: GRABER, TALLMAN, and BADE, Circuit Judges.
Dissent by Judge BADE.

Claimant Tricia Ma timely appeals the district court's decision affirming the

Administrative Law Judge's ("ALJ") determination that she was not disabled

because she was able to perform other work that "exists in significant numbers in

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

the national economy." 20 C.F.R. § 416.960(c)(2. We review de novo the district court's decision. White v. Kijakazi, 44 F.4th 828, 833 (9th Cir. 2022). We must affirm the ALJ's determination if it is "free of legal error" and "supported by substantial evidence." Id. (citation omitted). We reverse and remand.

1. Substantial evidence does not support the ALJ's finding that Claimant could work as a silver wrapper. ALJs must resolve "obvious or apparent" inconsistencies between the testimony of a Vocational Expert ("VE") and the Dictionary of Occupational Titles ("DOT"). Gutierrez v. Colvin, 844 F.3d 804, 807–08 (9th Cir. 2016). The ALJ found that, due to carpal tunnel syndrome on Claimant's right side, Claimant could "frequently handle, finger, and feel" with her right hand. (Emphasis added.). The VE testified that someone with that limitation could work as a silver wrapper. But the DOT states that the silver wrapper occupation requires constant handling and fingering. DOT 318.687-018, 1991 WL 672757 (2016). The DOT's description of the job includes, for example: "Wraps individual place settings in napkins or inserts them with prescribed accessory condiments in plastic bag and closes bag with electric sealer." Id. Common experience suggests that both hands are required to accomplish those tasks. Accordingly, there was an obvious conflict between the VE's testimony and the DOT. See Lamear v. Berryhill, 865 F.3d 1201, 1205–06 (9th Cir. 2017) (determining that the DOT's job descriptions obviously conflicted with the

claimant's "left hand limitations," and common experience did not suggest otherwise).

The ALJ did not "identify and obtain a reasonable explanation" for the conflict. Kilpatrick v. Kijakazi, 35 F.4th 1187, 1194 (9th Cir. 2022) (brackets omitted) (quoting Social Security Ruling ("SSR") 00-4p, 65 Fed. Reg. 75760 (2000)).[1] The ALJ asked, in broad terms, if the VE's testimony was consistent with the DOT as to several issues, and the VE responded, without further detail, that any deviation from the DOT was based on his experience. That exchange does not satisfy the requirements of SSR 00-4p. See Buck v. Berryhill, 869 F.3d 1040, 1051–52 (9th Cir. 2017) ("[O]ur precedent establishes that when VE testimony conflicts with the [DOT], the ALJ must 'determine whether the [VE]'s explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT].'" (footnote and citations omitted)); Lamear, 865 F.3d at 1205 (stating that "an ALJ should ordinarily ask the VE to explain in some detail why there is no conflict" with the DOT); Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) (holding that "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation," and ruling that the deviation there was supported by

---

[1] SSR 00-4p was rescinded and replaced with SSR 24-3p, 89 Fed. Reg. 97158 (2024), effective January 6, 2025. As the parties agree, SSR 00-4p applies to this case.

detailed testimony concerning the specific characteristics of local jobs). Given the absence of detailed testimony to support the VE's deviation from the DOT, we cannot say that the ALJ's finding is supported by substantial evidence. Zavalin v. Colvin, 778 F.3d 842, 846 (9th Cir. 2015).

2. Substantial evidence does not support the ALJ's adoption of the VE's estimated number of jobs that exist for occupations that Claimant could perform. Where, as here, a claimant submits evidence regarding job numbers that conflicts with the VE's testimony, the ALJ must resolve the resulting inconsistency if the claimant's evidence is "significant and probative." Wischmann v. Kijakazi, 68 F.4th 498, 505 (9th Cir. 2023).

Claimant's evidence is significant. If the ALJ had adopted Claimant's job numbers, excluding jobs for the silver wrapper occupation, "there is a reasonable probability that the outcome of [Claimant's] proceeding may have been different." White, 44 F.4th at 837. The VE testified that an individual with Claimant's residual functional capacity could perform the occupations of silver wrapper, order caller, and photocopy machine operator, for which there are a total of 58,600 full-time jobs nationally. Claimant's evidence reflects that 24,642 jobs exist for those occupations. But excluding the silver wrapper occupation, Claimant's evidence reflects a total of only 17,219 jobs. It is not clear that the ALJ would find 17,219 jobs to be a significant number; we have held that 25,000 jobs are enough to

support a finding of non-disability, but that it is a "close call." Gutierrez v. Comm'r Soc. Sec., 740 F.3d 519, 529 (9th Cir. 2014).

Claimant's evidence is also probative. The evidence was produced using Job Browser Pro, "the same methodology as that used by the VE." White, 44 F.4th at 837. Unlike in Wischmann, in which we determined that the claimant's job estimate was not probative, Claimant provided evidence that is comprehensible and that supports her assertions. Cf. 68 F.4th at 507. Claimant's post-hearing letter attaches printouts from Job Browser Pro that identify the number of full-time jobs that existed nationally for each relevant occupation in 2023, the year of the hearing.

The ALJ did not adequately resolve the inconsistency in the evidence. See White, 44 F.4th at 837. The ALJ accepted the VE's numbers because "he used Job Browser Pro Version 1741, the newest downloaded version" and found Claimant's evidence "not persuasive" for two reasons. First, the ALJ stated that Claimant "conceded at the hearing [that] her input may have been different from that of the vocational expert." But Claimant did not concede that her estimates were inaccurate, and the ALJ did not address whose inputs were correct. Nor could the ALJ do so, because the VE did not submit his underlying data. Second, the ALJ found that, in any event, Claimant's evidence reflected "a significant number of jobs." But that finding refers to the total of 24,642 jobs including the silver

wrapper occupation, not the 17,219 jobs excluding that occupation. In sum, the ALJ's reasons for concluding that the VE's numbers are accurate, notwithstanding Claimant's evidence, are not "adequate to support [that] conclusion." Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (citation omitted) (defining the substantial evidence standard).

3. The Commissioner's errors, considered together, are not harmless. The Commissioner does not argue that 17,219 jobs would be sufficient to support a determination of non-disability, and we cannot "confidently conclude that no reasonable ALJ," in the absence of the errors in this case, "could have reached a different disability determination." Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006).[2] Accordingly, we reverse the district court's decision and direct that the case be remanded to the Commissioner for further proceedings consistent with this disposition.

**REVERSED and REMANDED with instructions. Costs are to be taxed against Defendant.**

---

[2] We are not persuaded by Claimant's request for a remand for an immediate calculation of benefits. See Treichler v. Comm'r Soc. Sec. Admin., 775 F.3d 1090, 1100–02 (9th Cir. 2014).

*Ma v. Bisignano*, 24-7435
Bade, Circuit Judge, dissenting:

The majority concludes that there is an unexplained conflict between the Vocation Expert's (VE) hearing testimony about the jobs a person with Ma's limitations could perform, and the description of the silver wrapper job in the Dictionary of Occupational Titles (DOT). Because the ALJ appropriately questioned the VE and determined that there is no such conflict, substantial evidence supports the ALJ's determination that Ma could perform jobs that exist in significant numbers in the national economy, and we must affirm. Therefore, I respectfully dissent.

In determining Ma's residual functional capacity (RFC), the ALJ found, in part, that Ma could "frequently" handle, finger, or feel with her dominant right hand. At a 2023 hearing, the VE testified that someone with Ma's limitation could work as a silver wrapper. As the majority notes, the DOT describes the silver wrapper job as requiring workers to "constantly" engage in handling, fingering, and reaching, but it does not specify whether constant use of both hands is required. *See* DOT 318.687-018 (silver wrapper). The majority assumes that, despite the DOT's silence on this point, the silver wrapper job requires both hands. But even if we accept the majority's assumption that there is an "obvious or apparent" inconsistency between the DOT's description of the silver wrapper job and the VE's testimony, the ALJ appropriately recognized the potential conflict

and resolved it. *See Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016) (explaining that "an ALJ must ask follow up questions" if a vocational expert's testimony "obviously or apparently" contradicts the DOT).

At the hearing, the VE testified that Ma could perform the job of a silver wrapper if she could use her right hand "frequently"; however, she could not perform the job if she could only "occasionally" use her right hand. The ALJ specifically asked the VE whether his testimony was consistent with the DOT, and the ALJ stated in her decision that she had "determined that the [VE's] testimony is consistent with the information contained in the [DOT]." The ALJ further inquired into certain matters not addressed by the DOT—including, limitations on the use of one extremity—and the VE explained that as to these matters where the DOT is silent, his testimony was based on his experience as a vocational rehab counselor. *See Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017) ("[A]n ALJ should ordinarily ask the VE to explain in some detail why there is no conflict between the DOT and the applicant's RFC.").

The ALJ concluded that the VE's testimony that Ma could perform the work of a silver wrapper, despite the limitations affecting her right hand, was based on the VE's "experience in vocational rehabilitation, employer-employee interviews, labor market surveys and personal observation of jobs." Thus, the ALJ identified and obtained a reasonable explanation for any apparent inconsistency between the

VE's testimony and the DOT silver wrapper job description. *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1194 (9th Cir. 2022) (citation omitted). Accordingly, substantial evidence supports the ALJ's determination that Ma could work as a silver wrapper, and thus that she could perform jobs that exist in significant numbers in the national economy.[1] I would affirm.

---

[1] Because the ALJ's conclusion that Ma could perform the silver wrapper job is supported by substantial evidence, Ma's disability claim fails, even if we accept her argument that the ALJ did not sufficiently explain her reasons for rejecting Ma's competing job number evidence. There are a significant number of jobs in the national economy that Ma could perform using either her estimate or the VE's. *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (holding that 25,000 jobs "signifies a significant number of jobs").