NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

NOV 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEPHANIE ALEXANDRA ROMERO,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 24-5814

D.C. No.
3:23-cv-01395-AN

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Adrienne C. Nelson, District Judge, Presiding

Submitted November 7, 2025[**]
Portland, Oregon

Before: M. SMITH, NGUYEN, and H.A. THOMAS, Circuit Judges.

Stephanie Alexandra Romero appeals the district court's order affirming an

Administrative Law Judge's ("ALJ") denial of her applications for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Social Security Act. *See* 42 U.S.C. § 401 *et seq.* (Title II); § 1381 *et seq.* (Title XVI). We have jurisdiction under 28 U.S.C. § 1291. "We review the district court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) (quoting *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020)). We reverse and remand for further proceedings.

The ALJ erred in failing to inquire further into the apparent conflict between Romero's residual functional capacity ("RFC") and the occupations in the national economy identified by the vocational expert as suitable for an individual with Romero's limitations. Romero's RFC closely matched Level 2 Reasoning under the U.S. Department of Labor's Dictionary of Occupational Titles ("DOT"), while the occupations identified by the vocational expert require Level 3 Reasoning under the DOT.[1] "When there is an apparent conflict between the vocational expert's testimony and the DOT . . . the ALJ is required to reconcile the inconsistency . . . ." *Stiffler v. O'Malley*, 102 F.4th 1102, 1108 (9th Cir. 2024) (alterations in original) (quoting *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015)). Because the conflict here is apparent, it "trigger[ed] the ALJ's obligation to

---

[1] Romero's RFC limited her to "tasks that are detailed, but not complex;" Level 2 Reasoning under the DOT refers to "detailed but uninvolved written or oral instructions." *See* DOT, App. C, § III, 1991 WL 688702 (4th ed. 1991).

inquire further." *Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017).

The Commissioner argues that any error was harmless because Romero's education and daily activities indicate that she can perform occupations requiring Level 3 Reasoning. But there is nothing in the record indicating how Romero's education and daily activities translate to that reasoning level. *See Zavalin*, 778 F.3d at 848. We therefore cannot determine whether substantial evidence supports the ALJ's step-five finding. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).

**REVERSED and REMANDED** to the district court, with instructions for the district court to remand to the Commissioner for further proceedings consistent with this disposition.