**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

HYACINTH JENNIFER RASMUSSEN,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

Defendant-Appellee.

No.    21-35468

D.C. No. 2:20-cv-01178-DWC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Argued and Submitted May 13, 2022
Portland, Oregon

Before:  CHRISTEN and SUNG, Circuit Judges, and RAYES,[**] District Judge.
Partial Dissent by Judge CHRISTEN.

Hyacinth Rasmussen challenges the administrative law judge's (ALJ) denial

of her applications for disability-insurance benefits and supplemental-security

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

income at step five of the sequential analysis. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand.[1]

We may disturb the ALJ's denial of Rasmussen's applications only "if the decision 'contains legal error or is not supported by substantial evidence.'" *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)).

1. After determining a claimant's residual functional capacity (RFC) at step four of the sequential analysis, at step five "an ALJ may consult a series of sources, including a [vocational expert (VE)] and the [*Dictionary of Occupational Titles* (DOT)]," to meet the burden of establishing there are a significant number of jobs that the claimant could still perform. *Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017). In cases where a VE is consulted, if "there is an apparent conflict between the [VE's] testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile

---

[1] Because the parties are familiar with the facts, we recite only those necessary to decide this appeal.

the inconsistency." *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015); *see also*

SSR 00-4P, 2000 WL 1898704 (Dec. 4, 2000).[2]

Rasmussen argues that the position of Document Preparer should have been

excluded at step five because, she asserts, there is an apparent conflict between her

RFC and the Level 3 Reasoning required by the position, and the ALJ failed to

resolve the conflict. A majority of the panel agrees.

The DOT defines Level 3 Reasoning as the ability to "[a]pply commonsense

understanding to carry out instructions furnished in written, oral, or diagrammatic

form. Deal with problems involving several concrete variables in or from

standardized situations." *DOT*, Appendix C, 1991 WL 688702. The ALJ found

that Rasmussen was (in relevant part) able to "understand, remember, and perform

simple, routine, repetitive one to three step tasks." In *Zavalin*, we held that there

was an apparent conflict between an RFC of "simple, routine, or repetitive work"

and Level 3 Reasoning, 778 F.3d at 846, and in *Rounds v. Commissioner Social*

*Security Administration*, 807 F.3d 996 (9th Cir. 2015), we held that there was an

_____

[2] "Social Security Rulings (SSRs) 'do not carry the "force of law," but they are binding on ALJs nonetheless.' They 'reflect the official interpretation of the SSA and are entitled to some deference as long as they are consistent with the Social Security Act and regulations.'" *Molina v. Astrue*, 674 F.3d 1104, 1113 n.5 (9th Cir. 2012) (quoting *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009)).

3

apparent conflict between an RFC of the ability to perform "one to two step tasks" and Level 2 Reasoning,[3] *id.* at 1003. We are not persuaded that Rasmussen's ability to perform "simple, routine, repetitive one to three step tasks" renders her able to perform Level 3 Reasoning and thus decide there is an apparent conflict with Rasmussen's RFC. The ALJ did not identify and attempt to resolve the apparent conflict between Rasmussen's RFC and Level 3 Reasoning. For that reason, we conclude that the ALJ's reliance on the position of Document Preparer at step five was legal error. *See Zavalin*, 778 F.3d at 848 (holding that the ALJ's failure to resolve an apparent conflict between an RFC and the DOT was not harmless error).

2.      Rasmussen further argues that the ALJ's error is not harmless in light of a second legal error—the Commissioner's failure to consider Rasmussen's proposed rebuttal evidence regarding the VE's job number estimates.

When an ALJ declines to admit rebuttal evidence concerning a VE's step-five findings, "a claimant may raise new evidence casting doubt on [the] VE's job estimates before the appeals council, provided that evidence is both relevant and

---

[3]      The DOT defines Level 2 Reasoning as the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." *DOT*, Appendix C, 1991 WL 688702.

'relates to the period on or before the ALJ's decision.'" *Shaibi v. Berryhill*, 883 F.3d 1102, 1110 (9th Cir. 2017) (quoting *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012)). The claimant need only "raise the job-numbers issue in a general sense before the ALJ," such as "by inquiring as to the evidentiary basis for [the] VE's estimated job numbers." *Id.*

Rasmussen asked the VE for the "data or sources" for his job numbers and made adequate inquiry to preserve this issue. Rasmussen's proposed rebuttal evidence sufficiently casts doubt on the VE's job numbers because her numbers were purportedly derived from the same source the VE used yet differed greatly from the VE's job numbers. The agency's failure to consider the rebuttal evidence was not harmless because if the Document Preparer position is excluded and Rasmussen's job numbers are correct, only 6,349 jobs would exist in the national economy that Rasmussen can perform, and that number would be well below what we have held was a "close call" as to significance, *see e.g.*, *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (holding that it was a "close call" that 25,000 jobs in the national economy was "significant").

> **VACATED and REMANDED to the district court to remand to the agency for further proceedings consistent with the panel's decision. Costs are taxed against the Commissioner.**

*Rasmussen v. Kijakazi*, No. 21-35468
CHRISTEN, Circuit Judge, dissenting in part:

I write separately because I am unpersuaded that Rasmussen met her burden of establishing that an "apparent conflict" existed between her residual functional capacity (RFC) and the *Dictionary of Occupational Titles* (DOT) description of "Document Preparer." I concur with the remainder of the majority's analysis.

The threshold issue is whether there was an "apparent conflict" between Rasmussen's RFC and the GED reasoning level required for the Document Preparer position in the DOT. The Vocational Expert (VE) testified that position requires Reasoning Level 3. Rasmussen's RFC was (in relevant part): "The claimant is able to understand, remember, and perform *simple, routine, repetitive one to three step tasks* with occasional superficial contact with the public and occasional contact with coworkers."

Rasmussen's opening brief devoted one paragraph to this issue and concisely observed "that the word 'simple' is used in the DOT only in the definition of Level 1 Reasoning." Contrary to Rasmussen's argument, our case law does not support the suggestion that inclusion of the word "simple" necessarily signals Level 1 Reasoning. In fact, Rasmussen's opening brief conceded that "the inclusion of [Rasmussen's ability to perform three-step tasks] could arguably signal a greater complexity than that contemplated by Level 1 Reasoning." But

Rasmussen switched gears in her reply brief and in the position she advanced at oral argument. There, she argued that the ALJ's assessment that she is capable of performing "one to three step tasks" limited rather than expanded her ability to "understand, remember, and perform simple, routine, repetitive . . . tasks." Counsel offered no support for this assertion, I cannot find any, and it is counterintuitive that a person with the ability to perform three-step tasks is less capable than a person who can perform one-step tasks.

In order for a difference between Rasmussen's RFC and Level 3 Reasoning "to be fairly characterized as a conflict, it must be obvious or apparent," *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016) (emphasis added), and Rasmussen bears the burden to show that the ALJ's denial of her applications for benefits "contains legal error or is not supported by substantial evidence," *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)).

Rasmussen points to our decisions in *Zavalin v. Colvin*, 778 F.3d 842 (9th Cir. 2015), and *Rounds v. Commissioner Social Security Administration*, 807 F.3d 996 (9th Cir. 2015), but neither of these cases resolve the question presented in Rasmussen's appeal. In *Zavalin*, the ALJ found that Zavalin could perform only "simple, routine, or repetitive work," yet a VE testified that Zavalin could perform

2

jobs requiring Level 3 Reasoning. *Id.* at 844–45. The record showed that Zavalin "had an individualized education program consisting of both special education and mainstream classes with accommodations for his impairments" and that he graduated from high school with a "modified diploma." *Id.* at 844. We determined that Zavalin's RFC was "plain[ly]" at "odds with Level 3's requirements because 'it may be difficult for a person limited to simple, repetitive tasks'" to perform Level 3 reasoning, which requires workers "to follow instructions in 'diagrammatic form' as such instructions can be abstract."[1] *Id.* at 847 (quoting *Adams v. Astrue*, No. C 10–2008 DMR, 2011 WL 1833015, at \*4 (N.D. Cal. May 13, 2011)).

In *Rounds*, the ALJ found that Rounds could perform only "one to two step tasks." 807 F.3d at 1001. Our court explained that "one to two step tasks" had an "obvious similarity" to Level 1 Reasoning and "concomitant contrast" to Level 2 Reasoning,[2] so the VE's testimony that Rounds could perform jobs requiring Level

---

[1] Level 3 Reasoning requires workers to: "Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." *DOT*, Appendix C, 1991 WL 688702.

[2] Level 1 Reasoning requires workers to: "Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations

(continued...)

3

2 Reasoning created an apparent conflict.[3]  *Id.* at 1003.

Rasmussen's RFC does not parallel the RFCs in *Zavalin* or *Rounds*.

Zavalin's RFC was limited to "simple, routine, repetitive" tasks without mention of

whether he could perform *multiple-step* tasks, like Rasmussen.  *See Zavalin*, 778

F.3d at 843.  Rasmussen's RFC also is easily distinguished from the RFC in

*Rounds* because Rasmussen's RFC does not indicate a reasoning level that "exactly

matche[d]" Level 1 Reasoning.  *See Rounds*, 807 F.3d at 1003.

The ALJ was free to consider the entire record.  It shows that, unlike

Zavalin, Rasmussen had a high-school education that did not involve special-

education classes and that Rasmussen was capable for performing construction

work, though not on a full-time basis.  *See Zavalin*, 778 F.3d at 847.

Taking all of this together, I am unpersuaded that Rasmussen met her burden

of showing an "obvious or apparent" conflict between her RFC and Level 3

Reasoning.  I join the majority's analysis in all other respects.

---

[2](...continued)
encountered on the job."  *DOT*, Appendix C, 1991 WL 688702.

[3]     Level 2 Reasoning requires workers to: "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations."  *DOT*, Appendix C, 1991 WL 688702.