**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 31 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JENIFER LYNN LUCHSINGER, | No. 22-55599 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 5:21-cv-00705-DFM |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Douglas F. McCormick, Magistrate Judge, Presiding

Argued and Submitted March 9, 2023
Pasadena, California

Before: WATFORD and COLLINS, Circuit Judges, and MURPHY,** District Judge.

Jenifer Luchsinger applied for disability insurance benefits and supplemental

security income benefits under Titles II and XVI of the Social Security Act. An

administrative law judge ("ALJ") denied her application. Luchsinger sought

judicial review in the district court, which upheld the ALJ's decision. We have

jurisdiction over this appeal under 28 U.S.C. § 1291, and we review the underlying

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

ALJ decision for legal error and lack of substantial evidence. *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020). We reverse and remand.

The ALJ found that Luchsinger had a residual functional capacity ("RFC") that would allow her to perform "sedentary work," as defined in the applicable regulations, but with certain additional restrictions. One of those restrictions addressed Luchsinger's ability to follow instructions, and the ALJ found only that she could "understand, remember and carry out simple instructions." Based on this RFC and the testimony provided by a vocational expert ("VE"), the ALJ identified three occupations as to which jobs existed "in significant numbers in the national economy" and that Luchsinger could perform—namely, "[t]elephone order clerk," "[c]harge account clerk," and "[a]ddresser clerk." The Government conceded in the district court and on appeal that the occupation of "addresser clerk" is obsolete. Accordingly, we may sustain the ALJ's decision only if substantial evidence supports the determination that Luchsinger could perform work as a "telephone order clerk" or "charge account clerk." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003).

The Dictionary of Occupational Titles ("DOT") lists several of the capacities required to perform particular positions, including the level of "reasoning" ability. U.S. DEP'T OF LABOR, DICTIONARY OF OCCUPATIONAL TITLES (4th ed. 1991), https://www.dol.gov/agencies/oalj/PUBLIC/DOT/REFERENCES/DOT02A. The

"reasoning" levels range from a "Level 1," which is the least demanding, to a "Level 6," which requires a high level of abstract reasoning ability. The DOT states that the occupations of "telephone order clerk" and "charge account clerk" both require reasoning ability at "Level 3." As defined in the DOT, the primary distinction between reasoning Level 2 (which is insufficient for these two jobs) and reasoning Level 3 (which is sufficient) concerns the *complexity* of instructions that a claimant must be able to understand. Reasoning Level 2 requires that the claimant be able to "carry out *detailed but uninvolved* written or oral instructions," whereas Reasoning Level 3 requires that the claimant be able to "carry out *instructions* furnished in written, oral, or *diagrammatic* form." *Id*. app. C, https://www.dol.gov/agencies/oalj/PUBLIC/DOT/REFERENCES/DOTAPPC (emphasis added). Because reasoning Level 3 omits any adjective modifying the term "instructions," it clearly lacks Level 2's express limitation to "detailed but uninvolved" instructions. Level 3 also requires an ability to follow "diagrammatic" instructions, and not merely "written or oral instructions."

As noted, the DOT states that the two occupations at issue here both require a reasoning ability that corresponds to Level 3. Because reasoning Level 3, unlike reasoning Level 2, is *not* limited to "uninvolved" instructions, the DOT descriptions indicate that the two relevant occupations require an ability to work with more complex instructions and not just "uninvolved" ones. That creates an

obvious conflict with Luchsinger's RFC, which includes only the capacity to "understand, remember and carry out *simple* instructions" (emphasis added). *Cf. Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015) (holding that "there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning"). That obvious conflict triggers an obligation on the part of the ALJ to ask the VE "to reconcile the conflict" before the ALJ may "rely[] on the expert to decide if the claimant is disabled." *Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017). Indeed, "an ALJ is required to investigate and resolve any apparent conflict between the VE's testimony and the DOT, regardless of whether a claimant raises the conflict before the agency." *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2018).

Where, as here, there is an unresolved conflict between the VE's testimony about the jobs the claimant could perform, given her RFC, and the DOT's descriptions of those jobs, a remand to the agency is generally warranted, *Massachi v. Astrue*, 486 F.3d 1149, 1153–54 (9th Cir. 2007), unless we can determine that the error was harmless, *Tommasetti v. Astrue*, 533 F.3d 1035, 1042– 43 (9th Cir. 2008). The Government argues that any error is harmless, but we disagree. At best, we are presented with a "mixed record," because the various items of evidence to which the Government points—most of which do not directly address the key issue about Luchsinger's ability to follow instructions—are ones

4

that reasonable persons might weigh differently. *Zavalin*, 778 F.3d at 848. "We therefore conclude that the ALJ's failure to reconcile the apparent conflict is not harmless." *Id*.

We reverse the judgment of the district court and remand to that court with instructions to remand the matter to the agency for proceedings consistent with this memorandum.

**REVERSED and REMANDED.**