NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAREN JENE FAULKNER, | No. 24-1303 |
| Plaintiff - Appellant, | D.C. No. 3:20-cv-00683-MO |
| v. | |
| LELAND DUDEK, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted February 12, 2025
Seattle, Washington

Before: W. FLETCHER and NGUYEN, Circuit Judges, and BENNETT, District Judge.**

Appellant Caren Jene Faulkner ("Faulkner") appeals the district court's order

and judgment affirming the Commissioner of Social Security's ("Commissioner")

denial of her application for disability benefits pursuant to Titles II and XVI of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

Social Security Act, 42 U.S.C. §§ 423, 1381. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's order upholding the Commissioner's denial of benefits and reverse only if the decision contains legal error or is not supported by substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020). We reverse and remand for further administrative proceedings.

At step four of the five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act, the Administrative Law Judge ("ALJ") must determine whether the claimant, with her residual functional capacity ("RFC"), can still perform her past relevant work "*either* as the claimant actually performed it *or* as generally performed in the national economy." 20 C.F.R. §§ 404.1560(b)(2) (emphasis added), 416.960(b)(2) (emphasis added). While claimants have the burden of showing that they can no longer perform their past relevant work, *Ford*, 950 F.3d at 1148, the ALJ has the duty to make the requisite factual findings to support her conclusion. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). This required the ALJ to examine Faulkner's "residual functional capacity and the physical and mental demands" of Faulkner's past relevant work. *Id*. at 844–45 (quoting 20 C.F.R. §§ 404.1520(e), 416.920(e)).

The ALJ concluded that Faulkner could perform her past relevant work[1] from 2003 to 2005 as a cashier "as actually and generally performed." On appeal, Faulkner argues that the record does not support the ALJ's finding that she could perform her past relevant work as actually performed; and further argues that the ALJ failed to reconcile a conflict between her RFC—light work "that requires simple, work related decisions with few if any work related changes"—and the reasoning requirements set forth in the Dictionary of Occupational Titles ("DOT") for the job of cashier—Reasoning Level 3—before finding that she could perform her past relevant work of cashier as generally performed in the national economy. We agree.

With respect to the ALJ's step four finding that Faulkner could perform her past relevant work as a cashier as actually performed, while Faulkner retained the burden of proof at step four, *Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016), the ALJ was obligated to make the requisite factual findings to support her conclusion. *Pinto*, 249 F.3d at 844. The ALJ did not inquire as to Faulkner's work performance,

---

[1] At the time of the ALJ's January 2019 decision, the regulation defining "past relevant work" provided a fifteen-year lookback period, though this regulation was revised from fifteen years to five years, effective June 22, 2024. *See* SSR 24-2p, 89 Fed. Reg. 48479 (June 6, 2024). While Faulkner initially argued that this revised lookback period should apply retroactively to cases pending in federal court, she later withdrew this argument, in light of the footnote 1 to SSR 24-2p, which provides that the agency "expect[s] that Federal courts will review [its] final decisions using the rules that were in effect at the time [it] issued the decisions."

and Faulkner did not present evidence about her duties as a cashier. Thus, there was no evidence in the record to support a conclusion that Faulkner's past relevant work as actually performed was different than as generally performed in the national economy.

With respect to the ALJ's step four finding that Faulkner could perform her past relevant work as a cashier as generally performed in the national economy, in making this inquiry, the ALJ may consult a series of sources, including a vocational expert and the DOT, a resource compiled by the Department of Labor that details the specific requirements for different occupations. *See* 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2); *see also Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017). But "[i]f the expert's opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the [DOT], then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled." *Lamear*, 865 F.3d at 1205 (first alteration in original) (quoting *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016)). The conflict must be "obvious or apparent" to trigger the ALJ's obligation to inquire further. *Gutierrez*, 844 F.3d at 808. "The requirement for an ALJ to ask follow up questions is fact-dependent," *id.*, and as this Court has observed, "the more obscure the job, the less likely common experience will dictate the result." *Lamear*, 865 F.3d at 1205.

This Court has previously held that "a limitation to simple, routine, or repetitive work"—such as Faulkner's—"is inconsistent with Reasoning Level 3." *Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017) (citing *Zavalin v. Colvin*, 778 F.3d 842, 846–48 (9th Cir. 2015)). While the Commissioner argues that this case is distinguishable from *Zavalin*, we see no difference between the RFC at issue here that limited Faulkner to "simple, work related decisions" and the RFC at issue in *Zavalin* that limited the claimant to "simple, routine, or repetitive work." Accordingly, Faulkner rightly points out that the ALJ erred in failing to reconcile this apparent conflict. Because substantial evidence does not support the ALJ's decision that Faulkner could perform her past relevant work as a cashier as either actually performed or as generally performed in the national economy, we remand.

Faulkner argues that this Court should remand the case for an award of benefits. A remand for award of benefits is appropriate only if:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Trevizo v. Berryhill*, 871 F.3d 664, 682–83 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Faulkner emphasizes that Rules 201.04 and 201.05 of the Medical-Vocational Guidelines in Appendix 2 to Subpart P of Part 404 provide that an individual such as Faulkner—of advanced age with a high school

education and no past relevant work[2]—would be entitled to a finding of disabled except where the claimant has education providing direct entry into skilled or semi-skilled work. While this point is well-taken, we cannot—based on the record before us—determine whether Faulkner has any past relevant work from the now five-year lookback period, which ends on the date of adjudication for disability insurance benefits and supplemental security income claims. SSR 24-2p. As such, we reverse the district court's judgment and remand this case to the Commissioner so that the ALJ can further develop the record and make specific findings on whether Faulkner has any past relevant work.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

---

[2] The revised five-year lookback period for past relevant work would apply on remand. SSR 24-2p, 89 Fed. Reg. 48479 (June 6, 2024).

24-1303